**OVERLAND STEEL, INC., Petitioner,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. 64218.**

Supreme Court of Missouri,
En Banc.

March 29, 1983.

Richard Monaghan, Kansas City, for petitioner.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Overland Steel, Inc. seeks review of a decision which upheld and modified the Director's assessment of sales tax against Overland. Overland contends the Commission erred, asserting imposition of sales tax on personal property sold in Kansas violates the Commerce Clause of the United States Constitution; and the materials sold were purchased by corporations which presented exemption certificates to Overland thereby excusing payment of sales tax pursuant to section 144.030 RSMo 1978.[1] Affirmed.

The Missouri Department of Revenue conducted an audit of Overland's sales from March 1, 1976, through February 28, 1978, and additional sales tax totaling $20,554.31 was assessed as of June 15, 1978. Following an informal hearing, the assessment was reduced to $18,985.17; petitioner filed a petition for reassessment. After the formal hearing, the Department reduced the assessment to $18,824.06; petitioner filed a complaint with the Administrative Hearing Commission. The case was submitted on a joint stipulation of facts which contained the record and exhibits from the Department of Revenue hearing. The Commission held Overland liable for the tax and interest assessed pursuant to various Kansas projects, and denied those exemptions not evidenced by exemption certificates. The Commission modified the Department's decision to allow an exemption which was evidenced by an exemption certificate, concluding the taxpayer had relied on the certificate in good faith and should therefore be relieved of liability pursuant to 12 CSR 10.3.194. Upon this review, the decision of the Administrative Hearing Commission "shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record...." § 161.338 RSMo 1978.

---

1. Section 144.030 RSMo 1969 was in effect at the time of petitioner's audit. This section was amended in part by S.B. 104, Laws of Missouri 1977, effective September 28, 1977. Those changes do not affect the outcome of this case, therefore references are to RSMo 1978.

Overland Steel, Inc. maintains its business office in Kansas City, Missouri, and acts as both a retailer and a contractor. The same steel products the company uses in construction projects are sold at retail. Because the company is unable to determine the ultimate use of each product when purchased from the manufacturer, all of the steel products are purchased under resale exemption certificates which allow Overland to avoid or defer payment of sales tax.

Overland installed some of the steel products at various locations in Kansas while engaged as a contractor. Additional steel products were sold to Missouri customers at retail. Kathryn Pate, Overland's secretary-treasurer, testified that the products used in the Kansas construction projects were transported from Missouri to Kansas after delivery from the manufacturer. She also stated that all of the steel products sold in Missouri were used by the purchasers to support pollution control equipment; the only support offered for this conclusion was her recollection of customer responses to questions she had posed concerning the use of the products. Mrs. Pate was unable to give any details concerning those projects.

Kenneth Middleton conducted the audit of Overland's books for the Department of Revenue. He testified that it was the responsibility of the taxpayer to present evidence which supports pollution control or manufacturing exemptions to the Department auditor. Each item which the taxpayer claims is exempt must be listed on the exemption certificate. Prior to September 28, 1977, the pollution control exemption applied only to machinery and equipment directly used for pollution control. After that date, an amendment to section 144.030 allowed an exemption for materials used in support of pollution control equipment and machinery. Only those supporting materials sold before this date had been included in the Department's assessment. Mr. Middleton went on to testify that the manufacturing exemption applied to anything that was added to an existing plant which became part of the direct manufacturing process.

Only one exemption certificate was presented to Mr. Middleton during his audit of Overland. This certificate claimed the products purchased would be used to treat or control water pollution at the customer's plant. He did not allow this exemption because the material involved was purchased prior to September 28, 1977, and was not, in his judgment, directly involved in pollution control. No other exemption certificates were presented during the audit although certain materials and retail sales had been listed as exempt by Overland.

During the audit it was also discovered that steel products Overland installed for Kansas customers pursuant to construction contracts, had been purchased from the manufacturer under resale exemption certificates thereby allowing Overland to avoid paying sales tax on the purchase. These products were delivered to Overland in Missouri, then subsequently moved to Kansas. Overland claimed the Department was assessing tax on the products they resold to the Kansas customer, a transaction which was exempt from Missouri sales tax because it occurred in interstate commerce.

Mr. Middleton testified that the sale on which the Department had assessed the tax was that between Overland and the vendor of the steel products, a sale which occurred in Missouri. He based this conclusion on the delivery of the products to Overland at Kansas City, Missouri, where they were placed in inventory until moved to Kansas. It was his position that Overland had not resold the materials but had consumed the materials in question while acting as a contractor.

After reviewing the record, the Department of Revenue decided that Overland was a contractor; therefore, the ultimate consumer of the materials used on its Kansas construction projects. Accordingly, the Department held Overland liable for the tax assessed against the materials Overland consumed at the Kansas projects. Additionally, the Department concluded that Overland had failed to meet the burden of proof regarding the claimed exemptions. Consequently, Overland was held liable for

the tax assessed against the claimed exemptions.

## I.

Petitioner contends the Administrative Hearing Commission erred in holding it liable for tax assessed against sales made to the seven Missouri purchasers because petitioner received exemption certificates for the sales.

■ The burden of proving that a sale of tangible personal property is not a sale at retail rests on the party which made the sale. Section 144.210 RSMo 1978. Those claiming a sale exempt from tax must retain an exemption certificate as evidence of the exempt sale. *Id.*

It is clear that the entire tenor of the sales tax law is to impose the obligation to remit the tax on the seller. It does not impose the obligation of remitting sales taxes on the buyer. The furnishing of an exemption certificate to a seller by a buyer constitutes a *claim* by the buyer that the sale is exempt from the tax. *Farm and Home Savings Ass'n v. Spradling*, 538 S.W.2d 313, 319 (Mo.1976). If a claimed exemption is found improper, the seller remains liable for the tax. *Spradling*, 538 S.W.2d at 319; § 144.210 RSMo 1978.

The record shows that Overland purchased the materials in question under resale exemption certificates. Subsequently, Overland sold $118,382.69 worth of materials to seven different Missouri purchasers. These purchasers allegedly used the materials in pollution control or plant expansion projects, therefore Overland neither collected nor paid sales tax on the transactions.

■ During the audit, Overland produced an exemption certificate from only one of the seven purchasers. Pursuant to 12 CSR 10.3.194, the Administrative Hearing Commission modified the Department ruling to allow Overland an exemption supported by the exemption certificate; neither party contests this ruling. Overland's subsequent attempts to obtain certificates from the other six purchasers were ineffective. The only other evidence offered in support of the exemptions was the testimony of Mrs. Pate. Although she testified that all of the sales were exempt under the pollution control or plant expansion exemptions, she could offer no details as to what materials were sold or how they were used. Such support is necessary to determine whether the exemptions apply because sections 144.-030, subd. 3(4), (13) and (14) are specific as to the types of personal property exempted from sales tax. Without additional evidence the exemptions claimed by Overland could not be allowed; petitioner failed to meet the requisite burden of proof. Section 144.210 RSMo 1978.

## II.

Petitioner also contends the Commission erred in holding it liable for sales tax assessed on goods installed in Kansas. Overland maintains the resale of these materials to Kansas customers was not subject to sales tax because the sales were exempt under Missouri statutes. Additionally, Overland maintains these sales occurred in interstate commerce and were therefore not subject to Missouri sales tax. The Director argues that petitioner consumed the materials in question as a contractor at the Kansas projects. Because these materials were purchased under resale exemption certificates, petitioner is liable for the tax they avoid paying when the materials were purchased; a sale which did not occur in interstate commerce.

■ Presentation of a resale exemption certificate allows a purchaser to avoid payment of sales tax upon an assertion that they intend to resell the material purchased. If the materials are not resold the purchaser becomes liable for payment of the tax. Section 144.210(1) RSMo 1978. The materials purchased by a contractor for use in meeting contractual obligations for the improvement of real property are used or consumed by the contractor; they are not resold. *City of St. Louis v. Smith*, 342 Mo. 317, 114 S.W.2d 1017, 1019–20 (1937); *State ex rel. Marsh v. Spradling*, 537 S.W.2d 402, 405–07 (Mo.1976).

■ The record shows that Overland acts as both a retailer and a contractor. The materials in question were delivered to Overland in Missouri where they were placed in inventory. Subsequently, the materials were taken to Kansas where they were used by Overland to fulfill obligations of various construction contracts in which it acted as a contractor. These materials were not resold by Overland but were consumed by the corporation in its capacity as a contractor. When this occurred, Overland became liable for the sales tax it avoided by issuing a resale exemption certificate. Section 144.210(1) RSMo 1978.

■ The Department assessed sales tax against petitioner based on the sale of the materials from their manufacturer to petitioner. This sale was complete before Overland entered into the Kansas construction contracts. This is evidenced by delivery of the materials to petitioner in Missouri where they were stored until used in Kansas. There is no evidence indicating transportation of the goods to Kansas was an integral part of the sales contract. *See Western Trailer Service, Inc. v. LePage,* 575 S.W.2d 173, 174 (Mo. banc 1978). There is no indication that the materials were purchased in contemplation of the Kansas projects. The sale did not occur in interstate commerce.

The decision of the Administrative Hearing Commission is supported by competent and substantial evidence and therefore is affirmed.

All concur.

