**BRINSON APPLIANCE, INC., d/b/a Slyman Bros. & Sons Appliance, Inc., et al., Respondents,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 74645.**

Supreme Court of Missouri,
En Banc.

Dec. 18, 1992.

---

William L. Webster, Atty. Gen., Carole Lewis Iles, Asst. Atty. Gen., Jefferson City, for appellant.

Dan J. Kazanas, St. Louis, for respondents.

HOLSTEIN, Judge.

The Administrative Hearing Commission (AHC) ruled that no sales tax was due on charges made by respondents, Brinson Appliance, Inc., and five affiliated companies [1] (Slyman Bros.), for delivery and installation of household appliances. The Director of Revenue appealed the decision. The issues on appeal involve the construction of the statute imposing a sales tax, § 144.021.[2] This Court has jurisdiction. *Mo. Const. art. V, § 3.* The judgment is affirmed.

During the period between November of 1986 and November of 1990, Slyman Bros. was in the business of selling home appliances at retail. However, it neither owned nor operated trucks for delivering those appliances. Customers purchasing an item often could not take delivery at the store. Some would make their own arrangements with a carrier for the appliance to be picked up and delivered. But most of the time, Slyman Bros. would arrange for delivery through one of a group of independent carriers who had contracts with Slyman Bros.

The practice was for the customer to request delivery of the appliance to a specific address. The salesperson would then check the list of charges for each type appliance. The delivery charge would be stated separately and added to the sales invoice. The amount of the purchase price and delivery charge would be collected by Slyman Bros. The entire amount of the delivery charge would then be paid to the carrier selected.

The contracts between Slyman Bros. and the various carriers provided that the carriers would be insured against damage to the appliances during delivery. The carrier assumed any risk of loss after the appliance was picked up at the store. Any claim for damage during transit was "between the customer, the carrier and the carrier's insurance company." On this evidence, the AHC held that there was no sales tax due on the delivery charges collected by Slyman Bros.

A sales tax is imposed on the sale of tangible personal property calculated on a percentage of gross receipts. *§ 144.021.* With certain exceptions not relevant here, "gross receipts" means the total amount of the sale price of the sales at retail, includ-

---

1. All six do business as Slyman Bros. & Sons Appliance, Inc.

2. Unless specified otherwise, all references to statutes are to RSMo 1986.

ing any service other than charges incident to the extension of credit. *§ 144.010.1(3)*, RSMo Supp.1990.

On appeal, the Director claims that because the delivery charges were collected by Slyman Bros. prior to the passage of title, the delivery charges were part of the gross receipts and subject to tax.

In *May Dept. Stores Co. v. Dir. of Revenue*, 791 S.W.2d 388 (Mo. banc 1990), this Court held that the guiding factor in determining whether a delivery charge was a part of the sale was the intent of the parties, and where the parties did not intend the cost of shipping to be part of the sale, such charges were not part of the sales price subject to use tax. *Id.* at 389. The definition of "sales price" under the use tax statute echoes the definition of "gross receipts" under the sales tax statute. Compare *§§ 144.010.1(3)* and *144.-605(8)*, RSMo Supp.1990. The use tax complements and supplements the sales tax so that an identical tax is imposed on goods, whether they are purchased in Missouri or purchased elsewhere but used in Missouri. *Southwestern Bell Tel. Co. v. Morris*, 345 S.W.2d 62, 66 (Mo. banc 1961). Because the sales tax and use tax are naturally related, the holding in *May Dept. Stores* is equally applicable in determining whether separately stated delivery charges are part of the sale and thus subject to sales tax.

Nevertheless, the Director argues that this case is controlled by the holding in *Kurtz Concrete Inc., v. Spradling*, 560 S.W.2d 858 (Mo. banc 1978). In *Kurtz* this Court held that delivery charges for redimix concrete were not a part of the sale and not subject to sales tax because title to the concrete passed when the concrete was placed into the truck, not upon delivery. In *Kurtz* this Court made clear that the intent of the parties is controlling in determining whether delivery charges are a part of the sale, and in determining the parties' intent the point at which title passed is a highly relevant consideration. 560 S.W.2d at 862. However, *Kurtz* should not be construed to hold that the time of passage of title is the sole factor to be considered in determining the intent of the parties as to whether

delivery charges are "part of the sale." The fundamental question, and the one decided adversely to the Director in this case, was whether the parties to these transactions intended the delivery charge to be part of the sale.

In this case, the cost and means of delivery of the appliances were entirely up to the customer. The customer had the option to take the appliance from the store, hire a carrier, or use a carrier selected by Slyman Bros. At the same time, the seller derived no financial benefit from the delivery and undertook no risk for damage or loss during delivery. On these facts, the AHC determined that the delivery charges were not intended by the parties to be part of the sales price. That determination is supported by competent and substantial evidence on the whole record and is not clearly contrary to the expectations of the General Assembly. *See § 621.193* and *Becker Elec. Co. v. Director of Revenue*, 749 S.W.2d 403, 405 (Mo. banc 1988).

The Director also asks this Court to find the decision as unexpected under § 143.903, RSMo Supp.1990, in order to limit application of this decision to the period "after the most recently ended tax period." By its terms the statute only gives relief from an "unexpected decision" of a court or the AHC that authorizes or permits a "credit, refund or additional assessment" for past tax periods. *§ 143.903.1*, RSMo Supp.1990. Here no credit, refund or assessment is ordered by either this Court or the AHC. Neither the Director nor the taxpayer is required to pay, refund or credit any tax as a result of this decision. Thus a determination as to whether the decision was unexpected is not ripe for determination.

The decision is affirmed.

ROBERTSON, C.J., COVINGTON, THOMAS, PRICE and LIMBAUGH, JJ., and AHRENS, Special Judge, concur.

BENTON, J., not sitting.