# E & B GRANITE, INC.

## v.

## DIRECTOR OF REVENUE.

### No. SC 91010.

Supreme Court of Missouri, En Banc.

Feb. 8, 2011.

Jeremiah J. Morgan, Deputy Solicitor General, Attorney General's Office, Jefferson City, for the Director.

Lamar E. Ottsen, J. Matthew Belz, Ottsen, Mauze, Leggat & Belz LC, St. Louis, for E & B.

WILLIAM RAY PRICE, JR., Chief Justice.

## I. Introduction

The Director of Revenue ("the Director") seeks review of the Administrative

Hearing Commission's ("AHC") decision to grant E & B Granite, Inc. ("E & B") sales and use tax refunds pursuant to section 144.054.2, RSMo Supp.2007, for E & B's purchases of raw granite slabs. E & B used the slabs to manufacture granite countertops that were eventually affixed to customers' real property.

The AHC correctly applied the tax exemption. Under section 144.054.2, raw granite slabs are "materials" and granite countertops are "products."

The AHC's decision is affirmed.

## II. Facts and Procedure

E & B buys raw granite slabs and uses them to manufacture granite countertops and other granite products. E & B sells some countertops without installation and some with installation. For the installed countertops, E & B and its customers expressly agreed in writing that title to the products pass to the owner when they are completely installed on the customers' real property.

E & B claims a state and local use tax exemption and state sales tax exemption under section 144.054.2 on its purchases of the granite slabs that are used to manufacture countertops that are eventually installed on customers' property.[1] Under protest, E & B paid state sales and use tax and local use tax on the purchases of the raw granite slabs.[2]

The Director disallowed E & B's payments. E & B filed a complaint with the AHC requesting a refund on the taxes

**1.** Both parties agree that countertops sold at retail that are not installed receive the tax exemptions under section 144.054.2.

**2.** E & B no longer disputes that the purchase price of granite slabs used in the manufacture of granite countertops and other granite prod-

ucts that were subsequently installed and attached to customers' real property are subject to local sales tax because section 144.054.2 does not provide an exemption from local sales tax.

assessed on its purchase of the granite slabs. The AHC found in E & B's favor and granted the refund. The Director seeks review.

## III. Standard of Review

■ The AHC's decision shall be affirmed if: (1) it is authorized by law; (2) it is supported by competent and substantial evidence on the whole record; (3) mandatory procedural safeguards are not violated; and (4) it is not clearly contrary to the reasonable expectations of the General Assembly. Section 621.193.[3] "This Court reviews the AHC's interpretation of revenue laws *de novo.*" *Zip Mail Services, Inc. v. Dir. of Revenue,* 16 S.W.3d 588, 590 (Mo. banc 2000).

## IV. Analysis

Section 144.054.2 provides sales and use tax exemptions for:

> [E]lectrical energy and gas, whether natural, artificial, or propane, water, coal, and energy sources, chemicals, machinery, equipment, and **materials** used or consumed in the manufacturing, processing, compounding, mining, or producing of *any product ....*"

(Emphasis added).

### A. Granite Countertops are Products under Section 144.054.2

■ There is no definition of "product" in chapter 144. No appellate courts have construed section 144.054.2. The Director relies on *International Bus. Mach. Corp. v. Dir. of Revenue,* 958 S.W.2d 554, 557

---

**3.** All statutory citations refer to RSMo 2000 unless otherwise indicated.

**4.** This Court's inclusion of "tangible personal property" within the definition of "product" was influenced by chapter 144's definition of "sale": "any transfer ... of tangible personal property for valuable consideration and the rendering, furnishing or selling for a valuable

(Mo. banc 1998) (extending the definition of "product" to include taxable services), which interpreted section 144.030.2(5). In *IBM,* this Court stated that a product is an "output with a market value, it can be either tangible personal property or a service."[4] *Id.*

■ The Director agrees that the countertops are "output[s] with a market value" but claims that the installed countertops are not tangible personal property— which the Director claims is an essential part of *IBM*'s definition—and, therefore, not a "product." "In sales and use tax, the taxable event is the passage of title or ownership." *Blevins v. Dir. of Revenue,* 938 S.W.2d 899, 901 (Mo. banc 1997). E & B agreed with its customers that title would pass upon complete installation of the countertops. Because the installed granite countertops are considered a fixture on real property when title passes, not tangible personal property, the Director claims the countertops are not "products" under section 144.054.2.

The Director relies on *Blevins,* 938 S.W.2d 899. In *Blevins,* the appellant sold and installed asphalt. *Id.* at 901. The asphalt company sought tax exemptions under section 144.030.2(2), which exempts sales and use taxes on purchases of:

> Materials, ... which when used in manufacturing ... become a component part or ingredient of the *new personal property* resulting from such manufacturing ... and which *new personal property is*

---

consideration any of the substances, things and services herein designated and defined as taxable under the terms of sections 144.010 to 144.510." *International Bus. Mach.,* 958 S.W.2d at 557. This Court went on, " 'Sale' thus includes both selling tangible personal property and rendering taxable services." *Id.*

*intended to be sold ultimately for final use or consumption, . . .*

(Emphasis added). This Court held that:

[B]ecause title passed after the asphalt was installed, Blevins created an *improvement to real property which cannot be 'new personal property . . . intended to be sold ultimately for final use or consumption'* within the meaning of the sales tax law.

*Blevins*, 938 S.W.2d at 901. (Emphasis added).

*Blevins* is distinguishable from the present case because it was interpreting section 144.030.2(2), not section 144.054.2. This Court decided *Blevins* 10 years before the legislature enacted section 144.054.2.

 Appellate courts presume the legislature is aware of appellate interpretations of existing statutes and that by "enacting a new one on the same subject, it is ordinarily [the] intent of the legislature to effect some change in [the] existing law." *Kilbane v. Dir. of Revenue*, 544 S.W.2d 9, 11 (Mo. banc 1976). This Court assumes that the legislature does not intend to perform a useless act. *Id.*

Although sections 144.054.2 and 144.030.2(2) both relate to sales and use tax exemptions for manufacturers, there are two notable differences. First, section 144.030.2(2) applies to "personal property . . . sold ultimately for final consumption." The issue in *Blevins* was whether asphalt sold and installed fell within this phrase. *Blevins*, 938 S.W.2d at 901.[5] The legislature chose not to include this phrase in section 144.054.2; rather, section 144.054.2 broadly applies to "any product."

Second, section 144.030.2(2) uses the phrase "new tangible personal property." The legislature did not include any reference to "tangible personal property" in section 144.054.2. Moreover, section 144.054.2 exemptions are "in addition to any state and local sales tax exemption provided in section 144.030." Section 144.054.2. The legislature intended to provide additional exemptions that are not allowed by section 144.030.

In short, section 144.054.2 is broader than 144.030.2(2) and is not restricted by the phrases "personal property . . . sold ultimately for final consumption" and "tangible personal property." This Court must give these statutory changes meaning. Section 144.054.2 applies to products, whether or not they are eventually affixed to real property. Although E & B's granite countertops are eventually installed, they are "products" under section 144.054.2.

**B. Raw Granite is a "Material" Under 144.054.2.**

 Second, the Director asserts that the raw granite E & B uses to manufacture granite countertops are not "materials" under section 144.054.2 because they are not entirely consumed during the manufacturing process. Citing the maxim *ejusdem generis*, the Director argues that the other words used around "materials"— electrical energy, gas, propane, water, coal, chemicals, machinery, and equipment—are entirely consumed in the manufacturing process. The Director argues that the raw granite used to manufacture the countertops are not "materials" because it is not completely consumed.

---

5. Section 144.010 states that a similar phrase, "[p]roduct which is intended to be sold ultimately for final use or consumption," means "tangible personal property, or any service that is subject to state or local sales or use taxes, or any tax that is substantially equivalent thereto, in this state or any other state."

"Absent a statutory definition, the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *Brinker Missouri, Inc. v. Dir. of Revenue*, 319 S.W.3d 433, 437–38 (Mo. banc 2010). The plain meaning of a term may be derived from a dictionary. *Gash v. Lafayette County*, 245 S.W.3d 229, 232 (Mo. banc 2008). The Director appropriately cites a dictionary, which defines "material" as:

**1a(1):** the basis matter from which the whole or the greater part of something physical is made (2) finished stuff of which something physical is made.

**b(1):** the whole or notable part of the elements or constituents or substance of something physical.

**2a:** apparatus necessary for doing or making something.

Webster's Third New International Dictionary 1392 (1993). Thus, "materials" means either (1) the raw product from which something is made or (2) an apparatus necessary to make something. The Director contends that that the latter meaning is appropriate.

The Director's urging that (1) "materials" must be entirely consumed to qualify under 144.054.2, and (2) that "materials" in section 144.054.2 solely refers to an apparatus is not persuasive. The statute is not limited to materials "consumed." The language of the statute reads "materials used or consumed. . . ." Section 144.054.2. Thus, the legislature must have intended a different and broader result from the Director's claim. In addition, prior courts interpreting chapter 144 did not require that the material be totally "consumed," nor did they use the term "material" to refer to an apparatus. *Blevins*, 938 S.W.2d 899, 901 (Mo. banc 1997) (there was no dispute that the ingredients making up asphalt were "materials"); *South-western Bell Yellow Pages, Inc. v. Dir. of Revenue*, 94 S.W.3d 388, 391 (Mo. banc 2002) (raw paper was "used" to manufacture telephone directories); *Ovid Bell Press v. Dir. of Revenue*, 45 S.W.3d 880 (Mo. banc 2001) (this Court referred to copy paper as "materials" and held the paper was used to manufacture printed photographs). Under section 144.054.2's plain meaning, raw granite slabs are "materials used or consumed" to manufacture E & B's granite countertops.

## C. The AHC's Decision Will Not Lead to Absurd Results.

The Director claims that E & B's interpretation of 144.054.2 will lead to an absurd result—E & B would not pay taxes on its purchases of raw materials. Since title to the products does not pass to its customers until the countertops are completely installed on customers' real property, there is no taxable sale of personal property. This, according to the Director, would lead to a situation where there was no tax at all on the raw materials.

E & B's purchases of granite slabs are not completely untaxed. E & B's purchases are subject to local sales tax, which section 144.054.2 does not cover. Furthermore, E & B is not receiving a special benefit. Any company may obtain this tax exemption on purchases of materials it uses to manufacture products if it is vertically integrated similarly to E & B. If the legislature creates a tax exempt situation for a business, this Court must enforce it.

## D. Conclusion

The AHC decision is affirmed.

All concur.