

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| FLOWER VALLEY, LLC, ET AL., | ) | No. ED109443 |
| | ) | |
| Respondents, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| JAKE ZIMMERMAN, ASSESSOR, | ) | Honorable Richard M. Stewart |
| ST. LOUIS COUNTY, MISSOURI, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 29, 2022 |

Jake Zimmerman, the Assessor for St. Louis County, Missouri ("Assessor"), appeals from the circuit court's judgment awarding reimbursement of attorney fees and appraisal costs to Flower Valley, LLC; 12667 New Valley, LLC; John C. Crocker; Nolob, LLC; Keeven Development, LLC; Dunwood Development Company; French Quarter, LLC; and Glidepath, LLC (collectively, "Taxpayers") resulting from the successful appeals of their real estate tax valuations. Assessor challenges Taxpayers' entitlement to these fees and costs because they were paid by a third party pursuant to contracts with Taxpayers. We reverse the circuit court's judgment and remand with instructions.

## Factual and Procedural Background

The underlying case arose from a dispute over the assessed values of real property owned by Taxpayers for the 2011-2012 tax years. Taxpayers individually contracted with Property Assessment Review ("PAR"), a property tax agent, to pursue property valuation reductions. After

the individual appeals of their property valuations to the St. Louis County Board of Equalization did not significantly lower the assessed values, Taxpayers appealed to the State Tax Commission (the "STC"). Taxpayers were all represented at their hearings before the STC by an attorney retained by PAR ("Counsel"). Counsel presented evidence regarding appraisals that were conducted by a certified appraiser, who was also hired by PAR. After hearing the uncontested evidence, the STC lowered the valuation of each of Taxpayers' respective properties. Each reduction in value exceeded 25 percent for Taxpayers' commercial properties and 15 percent for their residential properties.

Taxpayers jointly filed for reimbursement of attorney fees and appraisal costs pursuant to section 138.434 and St. Louis County Ordinance No. 22,343 (2005).[1] The STC heard testimony regarding the reasonableness of the professional fees requested and the fee arrangements between PAR and Taxpayers. The evidence established that the individual agreements between PAR and Taxpayers—all of which were identical in their material aspects—included: (1) a promise by PAR to directly pay all of the associated attorney fees and appraisal costs, and (2) an agreement by Taxpayers to pay PAR a contingency fee in the event of a successful reduction of the property assessments. The agreements provided that the contingency fee would be based on a percentage of the total tax savings from the reduction obtained. The evidence also showed that, consistent with the agreements, PAR hired and directed Counsel and the appraiser. PAR also received the invoices for the legal and appraisal services and directly paid those expenses.

In November 2015, the STC entered its Order of Reimbursement, which directed Assessor to award attorney fees and appraisal costs to Taxpayers. Assessor sought judicial review of the

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), unless otherwise indicated. All ordinance references are to the St. Louis County Code section 503.300 (effective June 14, 2005 to August 3, 2021). For clarity, we refer to this section as ordinance 22,343, which was passed in 2005 and amended Chapter 503.

STC's order. The circuit court remanded the matter to the STC for rehearing and reconsideration, specifically requesting clarification from the STC regarding the authority it relied on in awarding fees and costs and the basis for its "interpretation of 'reimbursement' of such fees and costs as allowed under [the governing statutes]." In August 2016, the STC entered its Order upon Remand, which reversed its earlier order and denied Taxpayers any attorney fees or costs, emphasizing that the agreements between Taxpayers and PAR placed "the full responsibility for any appraisal fees, legal fees, and court costs" on PAR. The STC reasoned that if Taxpayers "did not make any payments of appraisal fees, attorney fees or court costs, [they] cannot be *repaid or reimbursed*." Taxpayers then filed for judicial review of the STC's Order upon Remand.

In October 2017, the circuit court entered its judgment reversing the STC's Order upon Remand and reinstating the STC's Order of Reimbursement, which, again, awarded attorney fees and appraisal costs to Taxpayers. The circuit court also concluded that Taxpayers were entitled to an additional award of attorney fees and costs arising from their litigation seeking the reimbursement, although the circuit court indicated the amount of the additional award would be determined in further proceedings. The circuit court certified its judgment as final for purposes of appeal pursuant to Rule 74.01(b).[2] Assessor appealed, and this Court dismissed the appeal without reaching the merits upon concluding there was not a final and appealable judgment due to the unresolved issue of Taxpayers' additional award of attorney fees in the ongoing reimbursement litigation. *See Flower Valley, LLC v. Zimmerman*, 575 S.W.3d 497, 501-04 (Mo. App. E.D. 2019).

Taxpayers later withdrew their request for attorney fees and costs beyond those relating to their individual tax appeals and their original application for reimbursement. They then requested the circuit court to enter an amended judgment. On December 31, 2020, the circuit court entered

---

[2] All Rule references are to the Missouri Supreme Court Rules (2017).

3

its judgment awarding attorney fees and costs. In its judgment, the circuit court reversed the STC's Order upon Remand and reinstated the STC's Order of Reimbursement and the fees and costs awarded therein. The circuit court also awarded each of the Taxpayers an additional $997.25 in attorney fees in connection with the original application for reimbursement. This appeal follows.

## Standard of Review

We review the underlying decision of the administrative agency rather than the judgment of the circuit court. *Peruque, LLC v. Shipman*, 352 S.W.3d 370, 374 (Mo. App. E.D. 2011). When the STC bases its decision on its interpretation and application of law, appellate review is de novo. *Id.* In reaching its decisions in both the Order of Reimbursement and Order upon Remand, the STC construed section 138.434 and ordinance 22,343. Accordingly, our review is de novo. *See id.*; *see also City of Uni. City v. AT&T Wireless Servs.*, 371 S.W.3d 14, 17 (Mo. App. E.D. 2012).

## Discussion

In its second of three points on appeal, Assessor contends the circuit court's reinstatement of the STC's Order of Reimbursement and award of additional attorney fees was based on an erroneous interpretation of section 138.434 and ordinance 22,343. Because Point II is dispositive of this appeal, we need not address the parties' remaining arguments.[3] We reverse the circuit court's judgment and remand with instructions to reinstate the STC's Order upon Remand.

---

[3] We note that, contrary to the assertion made in Assessor's first point relied on, the circuit court had subject matter jurisdiction. In that point, Assessor contends Taxpayers failed to state a claim upon which relief could be granted because the ordinance under which they sought fees and costs was preempted due to a conflicting statute. This argument does not implicate the circuit court's subject matter jurisdiction because it simply challenges Taxpayers' right to relief and the circuit court's authority to grant relief in this particular case. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009).

4

Resolution of this case turns on the interpretation of the enabling statute, section 138.434, and the ordinance enacted pursuant to this statutory authority, ordinance 22,343. Section 138.434 states, in relevant part:

> Any first class charter county or a city not within a county may require by ordinance or charter **the reimbursement to a taxpayer for the amount of just and reasonable appraisal costs, attorney fees and court costs** resulting from an evidentiary hearing before the state tax commission or a court of competent jurisdiction if such appeal results in a final decision reducing the appraised value of residential property by at least fifteen percent or the appraised value of utility, industrial railroad and other subclass three property by at least twenty-five percent from the appraised value determined by the board of equalization for that tax year. The commission or court awarding such fees and costs shall consider the reasonableness of the fees and costs within the context of the particular case.

(Emphasis added). Ordinance 22,343 provides, in relevant part:

> If an appeal by a taxpayer of an assessment of real property before the state tax commission or court of competent jurisdiction results in a final decision which reduces the appraised value as determined by the Board of Equalization for that tax year: i.) of residential property by at least fifteen (15) percent, or ii.) of utility, industrial, commercial, railroad and other subclass three property by at least twenty-five (25) percent, then **such taxpayer shall be reimbursed the amount of such taxpayer's just and reasonable appraisal costs, attorneys fees and court costs** which result from an evidentiary hearing before the state tax commission or court of competent jurisdiction.

St. Louis County Code section 503.300.1 (effective June 14, 2005 to August 3, 2021) (emphasis added).

When interpreting a statute, we "give effect to legislative intent as reflected in the plain language of the statute." *Peruque, LLC*, 352 S.W.3d at 374 (quoting *E & B Granite, Inc. v. Dir. of Revenue,* 331 S.W.3d 314, 318 (Mo. banc 2011)). Unless the legislature provides a specific definition, we consider the words used in their plain and ordinary meaning as found in the dictionary. *Id.* "The rules governing interpretation of a statute are employed when interpreting an ordinance." *Tupper v. City of St. Louis*, 468 S.W.3d 360, 371 (Mo. banc 2015).

Because section 138.434 and ordinance 22,343 allow for awards against a sovereign entity—here, St. Louis County—they constitute waivers of sovereign immunity. *See Ford Motor Co. v. Dir. of Revenue*, 97 S.W.3d 458, 461 (Mo. banc 2003). We strictly construe statutes that waive sovereign immunity. *Id.* "Strict construction means that a statute can be given no broader application than is warranted by its plain and unambiguous terms." *Shaw v. Mega Indus., Corp.*, 406 S.W.3d 466, 472 (Mo. App. W.D. 2013) (quoting *Robinson v. Hooker*, 323 S.W.3d 418, 423 (Mo. App. W.D. 2010)). This rule "does not mean that the statute shall be construed in a narrow or stingy manner, but it means that everything shall be excluded from its operation which does not clearly come within the scope of the language used." *Reynolds v. Wilcox Truck Line, Inc.*, 587 S.W.3d 675, 685 (Mo. App. W.D. 2019) (quoting *Young v. Boone Elec. Coop.*, 462 S.W.3d 783, 792 (Mo. App. W.D. 2015)). A statute strictly construed is "not [] applied to situations or parties not fairly or clearly within its provisions," and "presumes nothing that is not expressed." *Id.* (quoting *Young*, 462 S.W.3d at 792); *Shaw*, 406 S.W.3d at 472 (quoting *Robinson*, 323 S.W.3d at 423).

The term "reimbursement" is not defined in either chapter 138 of the Missouri Revised Statutes or in chapter 503 of the St. Louis County Code. We therefore look to the dictionary to determine its plain and ordinary meaning. *See Peruque, LLC*, 352 S.W.3d at 374. "Reimbursement" is defined as "the action of reimbursing: REPAYMENT." *Reimbursement*, WEBSTER'S NEW INT'L. DICTIONARY 1914 (3d ed. 2002). "Reimburse," in turn, is defined as "to pay back (an equivalent for something taken, lost, or expended) to someone : REPAY," and "to make restoration or payment of an equivalent to (as a person) : INDEMNIFY." *Reimburse*, WEBSTER'S NEW INT'L. DICTIONARY 1914 (3d ed. 2002). Under the plain language of the statute and ordinance, as guided by the dictionary definitions, reimbursement is repayment for the

equivalent of a loss or expenditure. And the only losses or expenditures for which a taxpayer may receive reimbursement are "just and reasonable" attorney fees, appraisal costs and court costs. Section 138.434; ordinance 22,343.

Taxpayers argue for a "broadly inclusive" definition of reimbursement that encompasses an award of attorney fees and appraisal costs paid on behalf of a taxpayer as part of a contingency fee agreement with a tax agent such as PAR. Taxpayers assert they are entitled to these fees and costs because the contingency fee owed to PAR is a loss they sustained as a direct result of their successful appeals. But neither section 138.434 nor ordinance 22,343 provides for reimbursement of just any loss or expenditure; rather, these provisions authorize reimbursement for only specific losses: attorney fees, appraisal costs and court costs. Because the arrangements between Taxpayers and PAR provided that Taxpayers would never be liable for professional fees or costs, Taxpayers have not made and never will have to make any expenditure for those expenses.

Specifically, the agreements between Taxpayers and PAR clearly stated that "PAR shall be responsible for payment of any legal and professional fees to lawyers and other professionals retained by PAR in connection with the review and attempted reduction [of real estate tax assessments]." The agreements also provided that "PAR will undertake to obtain such reductions on a contingency basis without charge for its time and expenses" and that, if unsuccessful, "no fee or commission will be charged." It is undisputed that Taxpayers did not spend any money toward attorney fees or appraisal costs. All invoices from Counsel and the appraiser went to PAR, which paid all fees and costs. The invoices PAR sent to Taxpayers do not reflect any relation between PAR's commissions and attorney fees or appraisal costs. Both PAR's owner and Counsel confirmed that no deductions from Taxpayers' tax savings refunds were made to account for attorney fees or appraisal costs. Counsel testified he had no expectation that Taxpayers would

directly or indirectly pay his fees. Taxpayers did not direct the litigation, request the appraisals or communicate in any way with Counsel—only PAR did. And Taxpayers did not agree to pay any fees or costs in the future. Taxpayers' only losses or expenditures were PAR's negotiated commissions, which were based on a percentage of the total tax reductions obtained and were in no way tied to expenses for attorneys and appraisers or court costs.

Given this arrangement, Taxpayers are not entitled to an award of attorney fees or appraisal costs under section 138.434 or ordinance 22,343 because they have not suffered a reimbursable loss or expenditure. Taxpayers' actual losses or expenditures in this case—the tax agent contingency fees payable to PAR—are not the "equivalent" of attorney fees, appraisal costs or court costs. *See Reimburse*, WEBSTER'S NEW INT'L. DICTIONARY 1914 (3d ed. 2002) (defining "reimburse" as "to pay back (an *equivalent* for something taken, lost, or expended) to someone") (emphasis added). If the legislature had intended to expand the waiver of sovereign immunity to allow for an award to a taxpayer for professional fees and costs paid by a tax agent under terms such as those contained in PAR's agreements with Taxpayers, the legislature certainly could have so stated. *See Ford Motor Co.*, 97 S.W.3d at 461.

Taxpayers contend the collateral source rule prohibits consideration of their agreements with PAR. We disagree. The collateral source rule is "an exception to the general rule that damages in tort are compensatory only," and "prevents a tortfeasor from reducing his liability to an injured person by proving that payments were made to the person from a collateral source." *Smith v. Shaw*, 159 S.W.3d 830, 832 (Mo. banc 2005). "The collateral source rule is not a single rule, but is instead a combination of rationales applied to a number of different circumstances to determine whether evidence of mitigation of damages should be precluded from admission." *Id.* Here, Taxpayers' argument regarding the collateral source rule fails because their agreements with

8

PAR were admitted into evidence before the STC without objection and could therefore be considered. *See O'Gorman & Sandroni, P.C. v. Dodson*, 478 S.W.3d 539, 545 (Mo. App. E.D. 2015). We will not entertain an argument stemming from an alleged error in which, by their own conduct at the hearing, Taxpayers acquiesced. *See Eltiste v. Ford Motor Co.*, 167 S.W.3d 742, 754 (Mo. App. E.D. 2005). Both parties injected into the case the issue of the payment arrangements involving PAR, Taxpayers and the relevant professionals, and that is sufficient reason in itself to reject the application of the collateral source rule. *See Washington by Washington v. Barnes Hosp.*, 897 S.W.2d 611, 621-22 (Mo. banc 1995); *Ratcliff v. Sprint Mo., Inc.*, 261 S.W.3d 534, 545-46 (Mo. App. W.D. 2008).

Taxpayers also argue that the inclusion of the word "reasonable" in the statute and ordinance implies that any reimbursement award must be reasonable in the context of each particular case. They assert that the "reasonable" qualifier allows for a reimbursement award even when a taxpayer had no direct relation to the attorney fees or appraisal costs. We agree that the inclusion of the word "reasonable" allows for the determination of the correct amount of fees or costs in relation to the particular circumstances of a case. But that discretion cannot supersede the requirement that the fees and costs awarded constitute reimbursement to a taxpayer, as the principle of "[s]trict construction means that a statute can be given no broader application than is warranted by its plain and unambiguous terms." *Shaw*, 406 S.W.3d at 472 (quoting *Robinson*, 323 S.W.3d at 423).

Beyond the plain language of section 138.434 and ordinance 22,343, Taxpayers urge us to look to the award provision of the Missouri Administrative Procedures Act, section 536.087, and the federal statutes on which it is based.[4] Those statutes, however, employ different language than

---

[4] Section 536.087 was modeled after the Equal Access to Justice Act ("EAJA"), which is codified in various statutes applicable to different proceedings, including 5 U.S.C section 504 and 28 U.S.C. section 2412. *See Carpenter v. State*

9

that at issue in this case; they provide for an award of fees and other expenses "incurred by [the prevailing] party." 5 U.S.C. section 504(a)(1); 28 U.S.C. section 2412(d)(1)(A); Section 536.087.1. Even putting that distinction aside, these statutes are of no aid to Taxpayers because their agreements with PAR acknowledged that it was PAR, not Taxpayers, that would incur the fees. Specifically, the agreements provided that, in the event Taxpayers terminated the agreements, Taxpayers would "reimburse PAR for any professional fee or other expenses *incurred by PAR*." (Emphasis added).

Strictly construing the plain language of section 138.434 and ordinance 22,343, no reimbursement award is available to Taxpayers. We emphasize that our holding today is narrow; it is limited to the circumstances created by the PAR agreements at issue. Point II is granted, and the remaining points on appeal are denied as moot.

## Conclusion

For the foregoing reasons, we reverse the judgment of the circuit court reinstating the STC's Order of Reimbursement and awarding further attorney fees. We remand the case to the circuit court with directions to reinstate the STC's Order upon Remand.

_____

MICHAEL E. GARDNER, Presiding Judge

James M. Dowd, J., concurs.
Lisa P. Page, J., concurs.

---

*Bd. of Nursing*, 508 S.W.3d 110, 115 (Mo. banc 2016); *Cooling v. Dep't of Soc. Servs.*, 491 S.W.3d 253, 261 (Mo. App. E.D. 2016).