

# SUPREME COURT OF MISSOURI
## en banc

WALMART STARCO LLC,      )    *Opinion issued November 7, 2023*
     )
        Respondent,      )
     )
v.      )     No. SC99998
     )
DIRECTOR OF REVENUE,      )
     )
        Appellant.      )

**PETITION FOR REVIEW OF A DECISION OF THE ADMINISTRATIVE
HEARING COMMISSION**
The Honorable Katie Jo Wheeler, Commissioner

The Director of Revenue filed a petition for review of an Administrative Hearing

Commission (Commission) decision determining Walmart Starco LLC (Starco) is exempt

from use tax for its purchase and use of information technology equipment (Equipment)

pursuant to §144.018.1 and §144.615(6).[1]  This Court has jurisdiction because this case

involves the construction of state revenue laws.  Mo. Const. art. V, § 3.  The Commission's

decision is affirmed.

## Facts and Procedural History

The material facts are undisputed.  During the relevant tax period, Starco was owned

wholly by a subsidiary of Wal-Mart Stores, Inc.  Starco purchased Equipment for resale to

---

[1] All statutory citations are to RSMo Supp. 2011.

other Wal-Mart subsidiaries that own and operate Walmart and Sam's Club stores throughout the country. Those subsidiaries used Equipment to facilitate store operations. Starco claimed a resale exemption and did not remit Missouri use tax on Equipment.

Equipment consisted of electronic price scanners, credit card readers, computers, and servers. Some Equipment needed additional software or hardware to meet the purchasers' specifications. Starco loaded the necessary software or hardware on Equipment, tested it, and repackaged it for resale. Starco paid for delivery and charged the cost of the items plus a fixed-percentage markup. The purchasers remitted use taxes to the jurisdictions where Equipment was delivered.

Following an audit, Director assessed use tax, interest, and additions against Starco for all Equipment purchased prior to February 1, 2013, and for all Equipment purchased after February 1, 2013, which was sold and delivered to out-of-state purchasers. The Commission determined Starco's use of Equipment was exempt from use tax pursuant to §144.018.1 and §144.615(6). Director petitions the Court for review.

### Standard of Review

As required by § 621.193, "[t]his Court will uphold the Commission's decision when it is authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly." *Saddle & Sirloin Club of Kansas City v. Dir. of Revenue*, 655 S.W.3d 351, 353 (Mo. banc 2022) (quotation omitted). "The Commission's interpretation of state revenue laws is reviewed *de novo*." *Id.* (quotation omitted). Tax exemption statutes are "strictly, but reasonably, construed against the party claiming the exemption." *Charter*

2

*Commc'ns Ent. I, LLC v. Dir. of Revenue*, 667 S.W.3d 84, 87 (Mo. banc 2023) (quotation omitted). The "taxpayer bears the burden to prove an exemption applies by clear and unequivocal proof, and all doubts are resolved against the taxpayer." *Carfax, Inc. v. Dir. of Revenue*, 653 S.W.3d 415, 420 (Mo. banc 2022) (quotation omitted).

### Use Tax Resale Exemption

Director claims Starco's installation of software and hardware, testing, and repackaging for delivery shows it did not hold Equipment solely for resale pursuant to § 144.615(6). Director is incorrect.

Section 144.610 imposes a use tax "for the privilege of storing, using or consuming within this state any article of tangible personal property[.]" The use tax is "a levy on the privilege of using within this state property purchased outside Missouri, where the property would have been subject to the sales tax if purchased locally." *Fall Creek Constr. Co. v. Dir. of Revenue*, 109 S.W.3d 165, 169 (Mo. banc 2003). The purpose of the resale exemption is to avoid "multiple taxation of the same property as it passes through the chain of commerce[.]" *Sipco, Inc. v. Dir. of Revenue*, 875 S.W.2d 539, 541 (Mo. banc 1994).

Section 144.615(6) provides tangible personal property is exempt from use tax when it is "held by processors, retailers, importers, manufacturers, wholesalers, or jobbers solely for resale in the regular course of business[.]" The word "resale" as used in § 144.615(6) is based on the definition of "sale" in §144.605(7). *DI Supply I, LLC v. Dir. of Revenue*, 601 S.W.3d 195, 198 (Mo. banc 2020). Therefore, "a taxpayer qualifies for the use tax resale exemption if the taxpayer can show a subsequent transaction" satisfying the § 144.605(7) definition of a "sale." *Id*. Section 144.605(7) defines a "sale" as "any transfer,

3

barter or exchange of the title or ownership of tangible personal property, or the right to use, store or consume the same, for a consideration paid or to be paid[.]"

The undisputed facts show Starco exchanged ownership of Equipment in exchange for consideration. These transactions qualified as a "sale" under § 144.605(7) and, consequently, as a "resale" for purposes of the resale tax exemption.

Additionally, "[n]otwithstanding any other provision of law to the contrary," § 144.018.1(1) exempts from sales and use tax any tangible personal property purchased for "the purpose of resale … if the subsequent sale is … [s]ubject to a tax in this or any other state[.]" Section 144.018 is "intended to clarify the exemption or exclusion of purchases for resale from sales and use taxes as originally enacted in this chapter." § 144.018.4; *see also Aplux, LLC v. Dir. of Revenue*, 619 S.W.3d 462, 469 (Mo. banc 2021) (stating § 144.018 applies to "both sales and use tax").

The Commission's undisputed findings of fact show this case fits squarely within the § 144.615(6) resale exemption, as clarified by § 144.018.1. The Commission found "the undisputed facts show that [Starco's] sole purpose for the … Equipment was to resell it to Stores/Clubs. Installing software or hardware specific to those stores' needs only further evinces that purpose." The Commission also found the purchasers of Equipment accrued and remitted use tax to the jurisdictions where Equipment was delivered and used. Consequently, as required by § 144.018.1, Starco purchased Equipment for "the purpose of resale" and then resold it in transactions "[s]ubject to a tax in this or any other state[.]" Moreover, because Starco resold Equipment with a fixed markup, any added value from preparing Equipment for resale was reflected in the resale price and was subject to taxation.

4

*See President Casino, Inc. v. Dir. of Revenue*, 219 S.W.3d 235, 243 (Mo. banc 2007) (holding the reseller must incorporate the value of all items sold for the use tax resale exemption to apply). Under these circumstances, adopting Director's position and holding Equipment was not exempt from use tax would result in prohibited double taxation by taxing Equipment when it was used and again when it was resold. *Sipco,* 875 S.W.2d at 541. The Commission correctly concluded Equipment is exempt from use tax.

Director's reliance on *Custom Hardware Engineering & Consulting, Inc. v. Director of Revenue*, 358 S.W.3d 54 (Mo. banc 2012), does not change the analysis. In *Custom Hardware*, the taxpayer provided services, parts, and equipment to maintain large computer systems. *Id.* 55. The taxpayer purchased computer parts from out-of-state vendors and then tested and certified those parts for use by its customers. *Id*. This Court held the § 144.615(6) resale exemption did not apply because "CHE [did] not purchase the computer parts for a subsequent taxable sale. Rather than reselling the parts, CHE purchase[d] the parts its customers require and then inspect[ed], test[ed], and certifie[d] those parts for use in its customer's machines." *Id.* at 57. Unlike the taxpayer in *Custom Hardware*, the Commission found "the undisputed facts show that [Starco's] sole purpose for the IT Equipment was to resell it to Stores/Clubs." *Custom Hardware* is the polar opposite of this case and does not support Director's argument.

**Disregarded Entity**

Director also claims the Commission erred by applying the resale exemption to Starco's use of Equipment prior to February 2013, when Starco's owner classified it as a disregarded entity for federal income tax purposes. Director argues Starco could not resell

5

Equipment because, as a disregarded entity, Starco was not separate from its corporate owner, which purchased some of the Equipment.[2]  Director took the opposite position before the Commission, arguing Starco was a separate entity and "[t]here is no reason to ignore the companies [sic] separate identities simply to allow Petitioner to avoid tax liability."   Therefore, as the Commission concluded, Director's argument to the Commission was that Starco was a separate entity.  This Court generally will not set aside an administrative agency decision when the complaining party fails to timely raise the issue during the administrative proceedings.  *Blevins Asphalt Constr. Co. v. Dir. of Revenue*, 938 S.W.2d 899, 902 (Mo. banc 1997).   This Court will not further address Director's unpreserved argument.

**Conclusion**

The Commission's decision is affirmed.[3]

_____
Zel M. Fischer, Judge

Russell, C.J., Powell, Fischer, Ransom,
Wilson and Broniec, JJ., concur.
Gooch, J., not participating.

---

[2] Director relies on § 347.187.2, RSMo 2016, which provides, "for the purposes of … chapter 144 … a limited liability company and its members shall be classified and treated on a basis consistent with the limited liability company's classification for federal income tax purposes."

[3] Director also claims the manufacturing exemption does not apply and responds to Starco's alternative argument to the Commission that Director's assessment unconstitutionally discriminated against interstate commerce.  Because the Commission correctly determined the use tax resale exemption applied, this Court does not address these points.