

# SUPREME COURT OF MISSOURI
## en banc

FENIX CONSTRUCTION COMPANY of    )
ST. LOUIS and FIVE STAR READY-   )
MIX CONCRETE COMPANY and         )
HORSTMEYER ENTERPRISES, INC.,    )
                                 )
         Appellants,         )
                                 )
vs.                              )    No. SC93915
                                 )
DIRECTOR of REVENUE,             )
                                 )
         Respondent.         )

PETITION FOR REVIEW OF A DECISION OF
THE ADMINISTRATIVE HEARING COMMISSION
The Honorable Sreenivasa Rao Dandamudi, Commissioner

*Opinion issued November 25, 2014*

Fenix Construction Company of St. Louis, Five Star Ready-Mix Concrete

Company and Horstmeyer Enterprises, Inc., (collectively, Taxpayers) sought

refunds for sales and use taxes paid on materials used to construct tilt-up concrete

walls.  Taxpayers asserted that the materials fell within the section 144.054.2[1] tax

exemption for materials used in "manufacturing … any product."   The director

denied the refund claims.  The Administrative Hearing Commission (AHC)

---

[1] All statutory citations are to RSMo Supp. 2009.

determined that the tax exemption was inapplicable because the tilt-up concrete walls were not a "product" as that term is used in section 144.054.2.[2] The AHC's decision is affirmed.

## I. Facts

Fenix is a construction contractor that performs concrete construction services, including the construction of "tilt-up" concrete wall panels. Tilt-up work involves casting concrete and reinforced steel wall panels on the ground and then tilting the wall panels into position as walls of the building. Tilt-up wall panels are made at the construction site because it is cost-prohibitive to construct them off-site and transport them to the construction site. According to Fenix, each panel is custom made for the specific job in accordance with the detailed specifications of the customer.

In 2011 and 2012, Taxpayers filed sales tax refund claims for their purchases of materials used in the tilt-up process. The director of revenue denied those claims. The AHC also denied the refund claims. Taxpayers filed a petition for review.

## II. Standard of Review

The AHC's decision will be affirmed if: (1) it is authorized by law; (2) it is supported by competent and substantial evidence based on the whole record;

---

[2] Taxpayers filed separate refund claims with the director of revenue. Each claim was denied. The AHC consolidated the claims. This Court has jurisdiction because resolution of this appeal requires construction of the revenue laws of the state of Missouri. Mo. Const. art. V, sec. 3.

(3) mandatory procedural safeguards are not violated; and (4) it is not clearly contrary to the reasonable expectations of the legislature. Section 621.193. This Court reviews the AHC's interpretation of section 144.054.2 de novo. *Aquila Foreign Qualifications Corp. v. Dir. of Revenue*, 362 S.W.3d 1, 3 (Mo. banc 2012). Tax exemptions are strictly construed against the taxpayer. *Id.* The taxpayer bears the burden of proving clearly and unequivocally that the exemption applies. *Id.* Any doubt regarding the applicability of an exemption is resolved in favor of taxation. *Id*.

### III. Analysis

Section 144.054.2 provides sales and use tax exemptions for "materials used or consumed in the manufacturing, processing, compounding, mining, or producing of any product ...." Thus, Taxpayers must demonstrate, clearly and unequivocally, that the tilt-up concrete wall panels are a manufactured product.

The legislature has not defined the word "product" as it is used in chapter 144.[3] "Absent a statutory definition, the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute."

---

[3] The other issue that was presented in this case to the AHC was whether constructing tilt-up walls constitutes "manufacturing, processing, or producing" for purposes of Section 144.054.2. Section 144.054.2 contains no language pertaining to construction. Rather, the plain and ordinary language of section144.054.2 shows intent to exempt materials used in the manufacturing process in an industrial setting, as opposed to construction sites. Had the legislature intended to exempt construction activities, it could have included terminology referencing construction activities as it has done in other statutes included in chapter 144. Because the AHC chose not to address this issue, and this Court affirms the determination that a tilt-up wall is not a "product" within the meaning of section 144.054.2, it is not necessary to resolve that issue in this case.

*Brinker Missouri, Inc. v. Dir. of Revenue*, 319 S.W.3d 433, 437-38 (Mo. banc 2010). When interpreting a statutory tax exemption, the interpretation must adhere to the requirement of strict construction. *Balloons Over the Rainbow, Inc. v. Dir. of Revenue*, 427 S.W.3d 815, 825 (Mo. banc 2014).

Although chapter 144 does not define the term "product," this Court has, for nearly 20 years, held that the term "product" means "an output with a market value." *Mid-America Dairymen, Inc. v. Dir. of Revenue*, 924 S.W.2d 280, 283 (Mo. banc 1996); *see also Int'l Bus. Machines Corp. v. Dir. of Revenue*, 958 S.W.2d 554, 557 (Mo. banc 1997), *E& B Granite, Inc. v. Dir. of Revenue,* 331 S.W.3d 314, 316 (Mo. banc 2011). To prove that a particular good or service constitutes a "product," the taxpayer does not have to actually market the product, but "it is incumbent on the taxpayer to prove the existence of a market, whether or not the product is actually marketed by the taxpayer." *Mid-America Dairymen*, 924 S.W.2d at 283.

A "market" is "a sphere within which price-making forces operate and in which exchanges in title tend to be followed by actual movement of goods." WEBSTERS'S THIRD NEW INTERNATIONAL DICTIONARY 1383 (1966). A strict construction of the term "product" as used in section 144.054.2 indicates that the fundamental quality defining a product as an "output with a market value" is that the price of the alleged product is set primarily by competing buyers and sellers. The fact that the price of a product is set primarily by competing buyers and

sellers necessarily implies that a good or service qualifies as a product only if it can be marketed to various buyers.

The record in this particular case demonstrates that Taxpayers have not proven the existence of a market for their tilt-up concrete walls. At the AHC hearing, Fenix's founder testified as follows:

> Q: Now, given that each wall panel is designed for a particular building, you can't sell that wall panel to any other person could you?
>
> A: No.
>
> Q: And there is no market of people going – somebody doesn't drive to your site and look at [the] left corner of that building and say that's amazing. I'll offer you double what the contractor is paying you for that panel?
>
> A: That's never happened.
>
> Q: And it is really unlikely to happen, isn't it, because that panel is designed for that particular building isn't it?
>
> A: Yes.

The foregoing testimony demonstrates that Fenix's construction of tilt-up concrete wall panels for particular buildings does not yield a marketable product for purposes of section 144.054.2. The walls are constructed on site, can be used only for that particular building, and have not demonstrated actual or potential market value to any buyer other than the building owner. The tilt-up wall panels are not a product pursuant to section 144.054.2.[4]

---

[4] Taxpayers assert that the fact that Fenix can sell its tilt-up walls demonstrates the existence of a market. The fact that Fenix can sell its walls may demonstrate a market for

It was "incumbent on [Taxpayers] to prove the existence of a market" for its tilt-up wall panels, and Taxpayers did not do so. *See Mid-America Dairymen*, 924 S.W.2d at 283. The AHC determined correctly that Taxpayers did not establish that Fenix's tilt-up concrete wall panels are a "product" for purposes of section 144.054.2.[5]

The AHC's decision denying the refund claim is affirmed.

_____
RICHARD B. TEITELMAN, Judge

All concur.

---

Fenix's construction services. The refund claim is, however, premised on the assertion that tilt-up walls are a marketable "product." As noted, Taxpayers have not demonstrated a market for the walls themselves, each of which is designed for a particular part of a particular building and has no demonstrated use beyond the specific construction project for which the wall was constructed.

[5] This result is not inconsistent with *E& B Granite*. 331 S.W.3d 314 (Mo. banc 2011). In *E& B Granite*, the issue was whether granite countertops were "products" so that the taxpayer was exempt from sales and use taxes on its purchase of granite slabs used to make the countertops. *Id.* at 315. The director conceded that the countertops were "output[s] with a market value" and, instead, argued that the installed countertops were not products because they were not tangible personal property. *Id.* at 316. *E.B. Granite* did not analyze whether the countertops were "outputs with a market value."