PATRICIA BRECKENRIDGE, CHIEF JUSTICE
I concur in the holdings in sections I and II of the per curiam opinion. I respectfully dissent from its holding in section III that summary judgment against Brentwood Glass on its public bond claim should be affirmed because it is not entitled to a public bond claim against the county as a matter of law and because Brentwood Glass failed to name a party against whom it could recover. I would hold, instead, that the circuit court erred in entering summary judgment against Brentwood Glass on its public bond claim. I would find that under the terms of the contract between the county and Cornerstone, Cornerstone was a contractor providing “construction services” to the county, and, therefore, that its contract was subject to the requirements of section 107.170.2.[1] Additionally, I would find that Brentwood Glass should be given the opportunity, on remand, to request leave to amend its petition to name individual officials as defendants.
Section 107.170 imposes a duty on public officials to require contractors to furnish a bond “to ensure payment to those who supply labor or materials on contracts for *306 public works and so prevent unjust enrichment.” Energy Masters Corp. v. Fulson, 839 S.W.2d 665, 668 (Mo.App.1992). Section 107.170.2 reads:
It is hereby made the duty of all public entities in this state, in making contracts for public works, the cost of which is estimated to exceed twenty-five thousand dollars, to be performed for the public entity, to require every contractor for such work to furnish to the public entity, a bond with good and sufficient sureties, in an amount fixed by the public entity, and such bond, among other conditions, shall be conditioned for the payment of any and all materials, incorporated, consumed or .used in connection with -the construction of such work, and all insurance premiums, both for compensation, and for all other kinds of .insurance, said work; and for all labor performed in such work whether by subcontractor or otherwise.[2]
A contract falls within the ambit of section 107.170.2 if: (1) a public entity (2) enters into a contract for public works (3) for a cost in excess of $25,000. Section 107.170.1(2) expressly defines a county as a “public entity,” and the county’s contract with Cornerstone for the construction of Six City Place was to cost more than $25,000. Additionally, section 107.170.1(3) defines “public works” as “the erection, construction, alteration, repair or improvement of any building, road, street, public utility or other public facility owned by the public entity.” Because the contract between the county and Cornerstone provided for Cornerstone to construct a building on property owned by the county, the contract between the county and Cornerstone falls under section 107.170.2.
When a contract falls within the ambit of section 107.170.2, the public entity must: (1) require every contractor for such work to furnish a bond (2) in an amount fixed by the public entity (3) to secure payment for materials and labor performed under the contract for public works (4) whether provided by a subcontractor or otherwise. The per curiam opinion finds that section Í07.170.2 is not applicable to the contract between the county and Cornerstone because Cornerstone was not a “contractor.” But section 107.170.2 references “every contractor,” and the term “contractor” is broadly defined by section 107.170.1(1) to be “a person or business entity who provides construction services under contract to a public entity.”
While “construction services” is not defined in section 107.170 or in related statutes, “[a]bsent a statutory definition, the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute.” Fenix Constr. Co. v. Dir. of Revenue, 449 S.W.3d 778, 780 (Mo.banc 2014) (internal quotations omitted). The plain and ordinary meaning of words used in a statute can be derived from the dictionary. Circuit City Stores, Inc. v. Dir. of Revenue, 438 S.W.3d 397, 400 (Mo.banc 2014).
The dictionary defines “construction” as “something built or erected” or “the act of putting parts together to form a complete integrated object: FABRICATION .,. during the [construction] of the bridge.” WebsteR’s Third New Int’l Dictionary Unabridged 489 (1993). Similarly, “construct” is “to form, make or create by combining parts or elements: BUILD, FABRICATE ... [constructing the new freeway.” Id. “Service” is defined as “the performance of work commanded or paid for by another.” *307 Id. at 2077. Considering these dictionary definitions together, the plain meaning of “construction services” is building or erecting something that has been commanded or paid for by another.
The contract between Cornerstone and the county expressly required Cornerstone to construct a new office building “as an agent of the County” apd “on behalf of the County.” As such, Cornerstone was providing work for another. By the express terms of its contract with the county, Cornerstone had the obligation to “build or erect” a completed office building. Cornerstone was, therefore, a business entity that was required to provide construction services to the county, a “public entity.” As such, I would hold that Cornerstone is a “contractor” as defined by section 107.170.1 and that the circuit court’s judgment against Brentwood Glass on its public bond claim should be reversed and the cause remanded.
Additionally, although I concur with the per curiam’s finding that Brentwood Glass has sued the wrong party by suing the county rather than an “official, board, commission or agency of this state or any county,” as required by section 107.170.1(2), I dissent from the per curiam opinion’s holding that this error is fatal to Brentwood Glass’ public bond claim. Because this issue was raised sua sponte by this Court, Brentwood Glass has not had an opportunity to seek leave to amend its petition to include different parties. See Rule 55.33(a). I would hold, therefore, .that Brentwood Glass should be given the opportunity, on remand, to request leave to file an amended petition naming different parties. Hargis v. JLB Corp., 357 S.W.3d 574, 587 n. 12 (Mo.banc 2011); see also State ex rel. Kansas City S. By. Co. v. Nixon, 282 S.W.3d 363, 366 (Mo.banc 2009).
For these reasons, I would reverse the circuit court’s judgment against Brent-wood Glass on its public bond claim, as well as its mechanic’s lien claim' against Cornerstone, and remand the cause. ■

. All statutory references are to RSMo 2000 unless further indicated.

. Section 107.170 was amended in 2014 to increase the cost of the contract for public works to $50,000. The lower limit of $25,000 was in effect during the relevant time period in this case.