

# Missouri Court of Appeals
## Southern District

### In Division

D.K.R.,

          Respondent,

    v.

MISSOURI STATE HIGHWAY
PATROL CRIMINAL JUSTICE
INFORMATION SERVICES,

          Appellant,

and

GREENE COUNTY CIRCUIT COURT,
GREENE COUNTY PROSECUTING
ATTORNEY, SPRINGFIELD SCHOOL
POLICE DEPARTMENT, GREENE
COUNTY SHERIFF'S DEPARTMENT,
and CITY OF SPRINGFIELD
MUNICIPAL POLICE DEPARTMENT,

          Respondents.

No. SD37763

**Filed: July 25, 2024**

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Judge

### REVERSED AND REMANDED WITH INSTRUCTIONS

Appellant Missouri State Highway Patrol Criminal Justice Information Services

("the Patrol") appeals the judgment of the trial court which found that D.K.R.,

Respondent, was eligible for expungement of a felony assault conviction from 2006. Appellant contends that the trial court misapplied the expungement statute and the expungement should be reversed.

## Background

On May 12, 2006, Respondent D.K.R. pleaded guilty to the Class D felony of assault while on school property, in violation of § 565.075.[1] D.K.R. received a suspended imposition of sentence and was placed on probation for five years. The trial court revoked D.K.R.'s probation in December 2010 and sentenced D.K.R. to three years confinement, suspended the execution of that sentence, placed D.K.R. on probation for five years, and ordered D.K.R. to serve ten days "shock time" in the county jail. D.K.R. completed probation December 10, 2015.

On April 13, 2022, D.K.R. filed this action seeking expungement of the 2006 conviction pursuant to § 610.140.[2] The petition for expungement named as defendants the Greene County Circuit Court, the Patrol, the Greene County Prosecuting Attorney, the Springfield School Police Department, the Greene County Sheriff's Department, and the City of Springfield Municipal Police Department. Only the Patrol, the Springfield School Police Department, and the Greene County Prosecuting Attorney answered the petition. The Patrol filed a motion to dismiss the petition, and Springfield School Police Department filed an answer denying D.K.R.'s eligibility for expungement. Both argued that expungement of D.K.R.'s Class D felony was precluded under the plain language of the expungement statute, § 610.140. The Greene County Prosecuting Attorney answered the petition stating he had "reviewed the petition and confirmed that the statutory

---

[1] Repealed by S.B. 491, 2014, eff. January 1, 2017.
[2] Unless otherwise specified, all statutory references are to RSMo (2022).

requirements for expungement are satisfied," and he had "no objection to the Court granting petitioner's request for expungement."

After a hearing, the trial court entered judgment expunging all records related to D.K.R.'s felony of assault while on school property. The trial court found that under the expungement statute the amount of time required between conviction and expungement had elapsed; that D.K.R. was not found guilty of any other felonies during the relevant period; that D.K.R. had "satisfied all obligations relating to the disposition of the offense sought to be expunged;" that no charges were pending against D.K.R.; that D.K.R. was not a threat to public safety; that expungement "is consistent with the public welfare and the interests of justice warrant the expungement;" that D.K.R. "is entitled to an expungement pursuant to Section 610.140, RSMo., of the arrest, plea, trial, or conviction records pertaining to the offense herein sought to be expunged;" and that D.K.R. had not previously been granted an expungement. Thus, the court found, D.K.R. was entitled to expungement.

On appeal, the Patrol argues that the trial court erred in entering judgment expunging D.K.R.'s conviction because the plain language of § 610.140.2(5) precludes "any felony offense of assault" from eligibility for expungement. In response, D.K.R. argues the statute did not preclude expungement because the statute under which D.K.R. was convicted was repealed, "and repealed offenses that were intended by the legislature to be ineligible for expungement are specifically listed by section number and marked by a single asterisk in subsection 610.140.2(6)." Respondent contends that because the statute under which D.K.R. was convicted was not listed or marked, the legislature did not intend to include it as a non-expungable offense.

3

**Legal Principles**

Interpretation of a statute is a question of law. *Li Lin v. Ellis*, 594 S.W.3d 238, 241 (Mo. banc 2020). On appeal, we review a trial court's interpretation of a statute *de novo*. *Id.* "[W]e give no deference to the circuit court's determination of law." *Perkins v. Bridgeton Police Dept.*, 549 S.W.3d 504, 506 (Mo.App. 2018). The "primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014) (quoting *Parktown Imports, Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009)). Words are given their "plain and ordinary" meaning. *State v. Bazell*, 497 S.W.3d 263, 266 (Mo. banc 2016), *as modified* (Sept. 20, 2016). "If the words are clear, the Court must apply the plain meaning of the law." *Id.* We presume the legislature "intended every word, provision, sentence, and clause in a statute to be given effect." *State ex rel. Goldsworthy v. Kanatzar*, 543 S.W.3d 582, 585 (Mo. banc 2018).

When the plain language of a statute is clear, we do not resort to other rules of statutory interpretation. *Ivie*, 439 S.W.3d at 202. Reliance on the canons of statutory construction and interpretation is necessary only when the plain meaning "is ambiguous or would lead to an illogical result that defeats the purpose of the legislation." *Ben Hur Steel Worx, LLC v. Dir. of Revenue*, 452 S.W.3d 624, 626 (Mo. banc 2015) (quoting *Ivie*, 439 S.W.3d at 202). *See also* *Bazell*, 497 S.W.3d at 266.

Section 610.140 governs the expungement of criminal records. By the terms of the statute,

> 2. The following offenses, violations, and infractions shall not be eligible for expungement under this section:
>
> . . .

4

(5)     Any felony offense of assault; misdemeanor or felony offense of domestic assault; or felony offense of kidnapping;

(6)     Any offense listed, or previously listed in chapter 566 or section [listing specific statutes by number that are eligible for expungement].[3]

Under the plain language of the statute, offenses of felony assault are not eligible for expungement under § 610.140. There is no ambiguity in the words chosen by the legislature, nor would a plain reading of the statute "lead to an illogical result that defeats the purpose of the legislation." ***Ben Hur Steel Worx, LLC***, 452 S.W.3d at 626 (quoting ***Ivie***, 439 S.W.3d at 202). It is clear that that the statute means what it unambiguously says: any and all felony offenses of assault are not expungable. Therefore, we need not look further or use other sources to interpret the statute. ***Id.***

Despite this outcome, we address Respondent's counter arguments. Respondent argues that because the statute under which D.K.R. was convicted was repealed in 2017, at the time of the filing of the expungement petition in 2022 "there no longer existed a felony offense of assault while on school property." Accordingly, Respondent contends, the nonexistent felony of assault while on school property could not "possibly be encompassed by the general provision of [§] 610.140.2(5) that 'any felony offense of assault' is ineligible for expungement." We disagree.

In Missouri, the repeal of a statute does not affect adjudications in which final judgment was entered before the statute was repealed.

> No offense committed . . . previous to or at the time when any statutory provision is repealed or amended[] shall be affected by the repeal or amendment[.]

---

3 This list does not include § 565.075, the statute under which D.K.R. was convicted.

Section 1.160. *See also* **Mitchell v. Phillips**, 596 S.W.3d 120, 125 (Mo. banc 2020) (repeal of statute "does not affect final adjudications"); **Ex parte Wilson**, 48 S.W.2d 919, 921 (Mo. banc 1932); **Woods v. Missouri Dep't of Corrections**, 595 S.W.3d 504, 505 (Mo. banc 2020).

Furthermore, nothing in the plain language of the statute supports the intricate reading urged by Respondent. The legislature's clear language precludes further analysis or interpretation of the statute. **Ivie**, 439 S.W.3d at 202. There is no ambiguity that would justify further parsing of the statute. D.K.R. is not entitled to expungement of the criminal record under the plain meaning of the statute.

Accordingly, we remand the case to the trial court. On remand, the trial court shall enter judgment denying D.K.R.'s petition for expungement.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, C.J. – CONCURS

6