

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| D.V.J., | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD86892 |
| | ) | |
| MISSOURI STATE HIGHWAY | ) | Opinion filed: April 22, 2025 |
| PATROL – CJIS, et al., | ) | |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF
JACKSON COUNTY, MISSOURI
THE HONORABLE TRAVIS WILLINGHAM, JUDGE**

Special Division: W. Douglas Thomson, Presiding Judge,
Thomas N. Chapman, Judge and Zel Fischer, Special Judge

The Missouri State Highway Patrol – CJIS ("Highway Patrol") appeals the

judgment of the trial court which granted D.V.J.[1] an expungement of three

convictions from 2009, including a class A felony conviction for trafficking drugs

in the second degree. The Highway Patrol contends the trial court improperly

---

[1] "We refer to the [Respondent] by initials, since '[i]t would defeat the spirit of the expungement statute' to use [her] name in a published opinion, and thereby make a public record of convictions otherwise subject to expungement." *D.B. v. Mo. State Hwy. Patrol Crim. Justice Info. Servs.*, 697 S.W.3d 58, 61 n.1 (Mo. App. W.D. 2024) (second alteration in original) (quoting *R.G. v. Mo. State Hwy. Patrol*, 580 S.W.3d 38, 39 n.1 (Mo. App. W.D. 2019)).

construed section 610.140[2] because the plain and ordinary language of the statute prohibits expungement of "any class A felony offense."  We affirm in part, and reverse and remand in part.

### Factual and Procedural History

The facts are not in dispute.  On February 6, 2009, D.V.J. pleaded guilty to three charges, one of which was the class A felony of trafficking drugs in the second degree in violation of section 195.223.[3]  Execution of D.V.J.'s sentence was suspended and she was placed on probation for three years.  D.V.J. successfully completed her sentence and was discharged from probation on June 18, 2012.

On August 3, 2023, D.V.J. filed a petition seeking expungement of her three 2009 convictions pursuant to section 610.140.  Therein, D.V.J. acknowledged that class A felonies are excluded from eligibility for expungement under section 610.140.2, yet contended "public policy dictates that this matter be considered for expungement."  Specifically, D.V.J. argued that if she were charged today for the same offense of trafficking drugs in the second degree, the charge would be brought under section 579.068 as a class C felony.

---

[2] Unless otherwise indicated, all statutory citations are to RSMo (2021).  While a new version of section 610.140 became effective on January 1, 2025, we will cite to the version of the statute in effect at the time D.V.J. filed her petition for expungement, which was the version in effect from August 28, 2021 to December 31, 2024.

[3] Repealed and transferred to section 579.068 by L. 2014, S.B. No. 491, § A, eff. January 1, 2017.

The Highway Patrol and the Jackson County Prosecutor's Office ("Prosecutor's Office") answered the petition.[4]  As an affirmative defense, the Highway Patrol argued that D.V.J.'s class A felony offense is ineligible for expungement under section 610.140.2(1), and that "[section] 1.160 bars [D.V.J.] from getting the benefit of the amendments to Section 195.223.3, RSMo – including the ability to expunge her Class A felony."  Similarly, the Prosecutor's Office filed an objection to the petition on the basis that D.V.J.'s conviction for the class A felony of trafficking drugs in the second degree is not eligible for expungement pursuant to section 610.140.2(1).

After a hearing, the trial court entered judgment expunging all records related to D.V.J.'s 2009 convictions, including her class A felony of trafficking drugs in the second degree.[5]  In doing so, the trial court found the phrase "any class A felony offense" is ambiguous as applied in the present case.  Specifically, the court stated "when taken in the context of the present case, we have two conflicting interpretations of the language[,]" one which refers only to offenses that are *currently* classified as class A felony offenses, and another which refers to both currently and previously classified class A felony offenses.  Due to this perceived ambiguity, the trial court interpreted the phrase to mean "any offenses which are

---

[4] The petition for expungement named as Respondents the Highway Patrol, the Missouri Department of Corrections, the Kansas City Board of Police Commissioners, the Kansas City Police Crime Lab, the Jackson County Circuit Court, the Prosecutor's Office, and the Jackson County Department of Corrections.

[5] The judgment also impacted a civil judgment entered against D.V.J. pursuant to the Criminal Activity Forfeiture Act in relation to her 2009 offenses.  This aspect of the trial court's judgment is not at issue on this appeal.

*currently* classified as a class A felony offense." (emphasis added). Because the conduct D.V.J. was convicted of would now be considered a class C felony under section 579.068, the trial court found D.V.J. was not barred from an expungement of her conviction under the repealed section 195.223. As an additional reason for this finding, the trial court noted that the legislature did not include section 195.223 among the statutes listed in section 610.140.2(6),[6] which explicitly excludes from expungement offenses previously governed by certain statutes no longer in effect. Having found D.V.J. met "each and every requirement" for an expungement under section 610.140, the trial court found D.V.J. was entitled to an expungement "of all records of her arrest, plea, trial, and/or convictions" for her 2009 offenses.

The Highway Patrol appeals.

## Standard of Review

"As this is a court-tried case, our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)." *R.G. v. Mo. State Hwy. Patrol*, 580 S.W.3d 38, 40 (Mo. App. W.D. 2019). "'We review the trial court's Judgment to determine if it is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law.'" *D.B. v. Mo. State Hwy. Patrol Crim. Justice Info. Servs.*, 697 S.W.3d 58, 63 (Mo. App. W.D. 2024) (quoting *T.V.N. v. Mo. State Hwy. Patrol Crim. Justice Info. Servs.*, 592 S.W.3d 74, 77 (Mo. App.

---

[6] The judgment stated "Section 610.120.2(6)," however, we presume the trial court meant section 610.140.2(6).

4

W.D. 2019)). "Interpretation of a statute is a question of law. On appeal, we review a trial court's interpretation of a statute *de novo*." *D.K.R. v. Mo. State Hwy. Patrol Crim. Justice Info. Servs.*, 694 S.W.3d 621, 623 (Mo. App. S.D. 2024) (citing *Li Lin v. Ellis*, 594 S.W.3d 238, 241 (Mo. banc 2020)).

## Analysis

In its Point, the Highway Patrol claims "[t]he trial court erred in granting D.V.J. an order to expunge her conviction for trafficking drugs in the second degree because it improperly construed [sections] 610.140.1 and 610.140.2(1), RSMo[.]" Specifically, the Highway Patrol contends the trial court "found the statutory language ambiguous and then construed it in favor of expungement when the plain and ordinary language prohibits expungement of 'any class A felony offense' and D.V.J. was in fact convicted of a class A felony offense for trafficking drugs in the second degree."

The sole issue before this Court is one of statutory interpretation. "The 'primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue.'" *D.K.R.*, 694 S.W.3d at 623 (quoting *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014)). "'When determining the legislative intent of a statute, no portion of the statute is read in isolation, but rather the portions are read in context to harmonize all of the statute's provisions.'" *T.V.N.*, 592 S.W.3d at 79 (quoting *BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 444 (Mo. banc 2012)). "We presume the legislature 'intended every word, provision, sentence, and clause in a statute to be given

5

effect.'" *D.K.R.*, 694 S.W.3d at 623 (quoting *State ex rel. Goldsworthy v. Kanatzar*, 543 S.W.3d 582, 585 (Mo. banc 2018)).

"'When the words of the statute are clear, further interpretation is unnecessary, and the Court's analysis consists of applying the plain meaning of the law to the case before it.'" *D.B.*, 697 S.W.3d at 63 (quoting *LaBlance v. Dir. of Revenue*, 658 S.W.3d 505, 511-12 (Mo. banc 2022)). "When the plain language of a statute is clear, we do not resort to other rules of statutory interpretation." *D.K.R.*, 694 S.W.3d at 623 (citing *Ivie*, 439 S.W.3d at 202). "Only when the language is ambiguous or would lead to an absurd or illogical result do we look beyond the plain meaning of the statute." *D.B.*, 697 S.W.3d at 63 (citing *N.M.C. v. Mo. State Hwy. Patrol Crim. Recs. Repository*, 661 S.W.3d 18, 23 (Mo. App. E.D. 2023)).

This appeal concerns section 610.140, which "governs the expungement of criminal records." *D.K.R.*, 694 S.W.3d at 623. In pertinent part, that statute provides:

> 1. Notwithstanding any other provision of law and subject to the provisions of this section, any person may apply to any court in which such person was charged or found guilty of any offenses, violations, or infractions for an order to expunge records of *such* arrest, plea, trial, or conviction. Subject to the limitations of subsection 12 of this section, a person may apply to have one or more offenses, violations, or infractions expunged if *such offense*, violation, or infraction occurred within the state of Missouri and was prosecuted under the jurisdiction of a Missouri municipal, associate circuit, or circuit court, so long as such person lists all the offenses, violations, and infractions he or she is seeking to have expunged in the petition and *so long as all such offenses, violations, and infractions are not excluded under subsection 2 of this section.* . . .

2. The following offenses, violations, and infractions shall not be eligible for expungement under this section:

(1) Any class A felony offense[.]

Sections 610.140.1 and 610.140.2(1) (emphasis added). Our courts have repeatedly found the language of section 610.140.2 to be "clear and unambiguous" and have given the "words and phrases in the statute their plain and ordinary meanings." *R.H. v. Mo. State Hwy. Patrol Crim. Recs. Repository*, 578 S.W.3d 398, 403 (Mo. App. E.D. 2019) (citing *Doe v. St. Louis Cty. Police Dep't*, 505 S.W.3d 450, 454 (Mo. App. E.D. 2016)); *see also D.K.R.*, 694 S.W.3d at 623-24.

Pursuant to the plain language of the statute, class A felony offenses are not eligible for expungement under section 610.140. There is nothing ambiguous about this language. Rather, the plain and ordinary meaning of the statute is clear: any and all class A felony offenses are not expungable. "Therefore, we need not look further or use other sources to interpret the statute." *D.K.R.*, 694 S.W.3d at 624 (citing *Ben Hur Steel Worx, LLC v. Dir. of Revenue*, 452 S.W.3d 624, 626 (Mo. banc 2015)). Applying this plain language to the case before us, D.V.J.'s conviction for the class A felony offense of trafficking drugs in the second degree is not eligible for expungement.

Despite this clear result, D.V.J. maintains that the statute is ambiguous because it "does not answer the current dispute as to its meaning." Under such a construction, she argues her offense of trafficking drugs in the second degree is eligible for expungement, and should be considered either a class C or class B

7

felony offense.[7]  In particular, D.V.J. argues that "what is unclear from [section] 610.140, is whether eligibility of the offense sought to be expunged is determined by looking at the statute at the time of conviction or at the time expungement is sought."  D.V.J. thus asserts that section 610.140 should be liberally construed "to promote its beneficial purpose[.]"

We disagree.  D.V.J.'s argument is refuted by the plain language of section 610.140.  Using the past tense, section 610.140.1 makes clear the "offenses" a person may seek to expunge are offenses of which the person *was found guilty* by either plea or conviction.  That subsection states "any person may apply to any court in which such person *was* charged or *found guilty of any offenses* . . . for an order to expunge records of *such* arrest, *plea*, trial, or *conviction*."  Section 610.140.1 (emphasis added).  This "offense" of which the person "*was* . . . found guilty" does not change when a statute is amended or repealed.  Rather, in referring to the offense of which the person *was found* guilty in the past tense, the statute relates back to the offense as it stood at the time of the finding of guilt.  This is further supported by section 610.140.1's use of past tense, to wit:

> [A] person may apply to have one or more offenses . . . expunged if *such offense . . . occurred* within the state of Missouri and *was prosecuted* under the jurisdiction of a Missouri municipal, associate circuit, or circuit court, so long as such person lists all the offenses . . . she is seeking to have expunged in the petition and so long as all such offenses . . . are not excluded under subsection 2 of this section.

---

[7] Trafficking drugs in the second degree was a class C felony offense under section 579.068 at the time the petition for expungement was filed and was a class B felony offense at the time of the 2012 amendment to section 195.223.

*Id.* (emphasis added). Thus, the plain language of section 610.140.1 refers simply to the offense of which a person *was found* guilty, as the offense stood at the time of the finding of guilt. And, to be eligible for expungement, *that offense* must not be "[a]ny class A felony offense" as provided in section 610.140.2. Here, D.V.J. pleaded guilty to the class A felony offense of trafficking drugs in the second degree. This offense clearly falls within the category of "[a]ny class A felony offense[.]" Section 610.140.2(1).[8] Accordingly, there is no need to liberally construe section 610.140, because its plain language unambiguously excludes the offense of which D.V.J. was found guilty.

D.V.J.'s argument thus holds no weight.[9] We are only concerned with the offense of which D.V.J. *was convicted*, which *at the time of conviction* was a class

---

[8] Further, because D.V.J.'s offense clearly falls within section 610.140.2(1), the trial court's determination that such offense may be expunged because it is not listed in section 610.140.2(6) (explicitly excluding from expungement certain offenses previously governed by certain statutes no longer in effect) is of no consequence. As D.V.J.'s offense falls within one category of offenses which cannot be expunged, section 610.140.2(1), we need not address whether it should properly be excluded from another.

[9] In the recently-decided case *D.K.R.*, our Southern District similarly refuted a petitioner's argument for expungement based on the plain language of section 610.140.2. 694 S.W.3d at 624. However, the Southern District necessarily relied on section 1.160, which states in pertinent part, "No offense committed . . . previous to or at the time when any statutory provision is repealed or amended[] shall be affected by the repeal or amendment[.]" In doing so, the Southern District was addressing the petitioner's counter argument that the petitioner's conviction did not fall under section 610.140.2(5)'s exception for "any felony offense of assault" because the statute under which the petitioner was convicted had been repealed. *D.K.R.*, 694 S.W.3d at 624. Relatedly, the petitioner had also argued that if the legislature intended the repealed offense to be ineligible for expungement, it would have specifically listed the repealed statute in section 610.140.2(6) in a similar manner as the other repealed statutes contained therein. *Id.* at 623.

*D.K.R.*'s discussion of section 1.160 is helpful, but a similar discussion is unnecessary here to refute D.V.J.'s counter argument. This is due to the difference in the question posed by D.V.J. as compared to the arguments presented by the *D.K.R.*

9

A felony offense that is plainly and unambiguously ineligible for expungement under section 610.140.2.[10] The trial court thus erred in granting D.V.J. an expungement for her class A felony offense of trafficking drugs in the second degree.

Point I is granted.

## Conclusion

The portion of the trial court's judgment concerning the expungement of D.V.J.'s other two convictions from 2009 – for a class B felony offense and a class C felony offense – was not appealed by the Highway Patrol thus is not at issue on this appeal. The judgment of the trial court is therefore affirmed as to the expungement of D.V.J.'s class B felony and class C felony offenses, and reversed

---

petitioner. Critically, D.V.J.'s argument centers on section 610.140 being *ambiguous*; no similar argument was made by the petitioner in *D.K.R.* Accordingly, D.V.J.'s ambiguity argument can be, and is, defeated solely by the plain and unambiguous language of section 610.140. To the extent D.V.J. raises similar issues as the *D.K.R.* petitioner in arguing said ambiguity, such assertions are thwarted per *D.K.R.*

[10] *D.K.R.* was cited in *J.J.J. v. Mo. State Hwy. Patrol, Crim. Recs. Repository*, No. ED 112467, 2025 WL 248315 (Mo. App. E.D. Jan. 21, 2025) (application for transfer denied on April 1, 2025, and mandate subsequently issued), a recent case from our Eastern District, for the proposition that the "clear and unambiguous" language of section 610.140.2 should be given its plain and ordinary meanings. *Id.* at *1. In that case, the Eastern District found "all offenses that *currently* carry a sex offender registration requirement are ineligible for expungement" under section 610.140.2(3). *Id.* at *2 (emphasis added). While this finding appears to agree with D.V.J.'s position, *J.J.J.* was interpreting a separate subsection of 610.140.2 with different language than the language at issue here in section 610.140.2(1). "Section 610.140.2(3) clearly and unambiguously states that '[a]ny offense that *requires* registration as a sex offender' is ineligible for expungement." *Id.* (alteration in original) (emphasis added). The use of the present tense term "requires" is significant, as it demonstrates an intentional focus on offenses that currently require registration. This is an important variation in language from the broad "[a]ny class A felony offense" language in section 610.140.2(1). Indeed, the language in the present case is more on par with the "[a]ny felony offense of assault" language at issue in *D.K.R.* Thus, *J.J.J.* does not alter our conclusion.

10

and remanded as to the expungement of D.V.J.'s class A felony offense with directions to render judgment consistent with this opinion.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.